UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-23089-CIV-SEITZ/WHITE

MOSES HAYES,

    Plaintiff,

v.

RATHERMAN, *et al.*,

    Defendants.

_____/

## ORDER ADOPTING REPORT AND CLOSING CASE

THIS MATTER came before the Court on the Report of Magistrate Judge [DE-52], in which Magistrate Judge White recommends treating Defendants' Motion to Dismiss [DE-40] as a motion for summary judgment[1] and that summary judgment be granted in favor of Defendants on all of Plaintiff's claims based on Plaintiff's failure to exhaust his administrative remedies.[2] Plaintiff has filed objections [DE-53]. Plaintiff concedes that he must exhaust his administrative remedies before filing suit but challenges the Magistrate Judge's factual findings that Plaintiff did not actually exhaust his administrative remedies before filing this suit. Because Plaintiff failed to exhaust his administrative remedies, Defendants' Motion is granted.

Plaintiff has sued the Federal Bureau of Prisons[3] and ten named individual Defendants,

---

[1] After Defendants filed their motion, the Court sent Plaintiff a notice stating that it would treat the Motion to Dismiss as a motion for summary judgment. *See* DE-41.

[2] Defendants raised other grounds for dismissal but the Magistrate Judge's Report did not address these additional grounds.

[3] While Plaintiff has named the Federal Bureau of Prisons as a Defendant in this matter, the Bureau of Prisons, as an agency of the United States is not a proper defendant in a *Bivens* action. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 484-86 (1994). Thus, the claim against the Bureau of Prisons is dismissed.

who were officers and employees of the Bureau of Prisons, in this *Bivens*[4] action. Plaintiff's complaint alleges that Defendants violated his constitutional rights during the period from October 12, 2009 through January 8, 2010. As part of their Motion, Defendants have submitted the Declaration of Myriam Harrison setting out the various administrative complaints filed by Plaintiff prior to filing this suit. The Report has listed all of them and their outcomes, but only a few are relevant based on Plaintiff's objections:[5]

> On March 25, 2010, Plaintiff filed a BP-9 form #582650-F1 with the FDC-Miami warden's office alleging that he was threatened by the staff and by the inmates and made claims of staff misconduct. On March 31, 2010 the request was denied and Plaintiff was advised that an investigation into his allegations of staff misconduct had been initiated.
>
> On April 20, 2010, Plaintiff filed an appeal with the Regional Director's office on BP-10 form #582650-A1. On April 22, 2010, the appeal was rejected and Plaintiff was advised that his form was illegible and that he had 10 days to resubmit his appeal.
>
> On June 1, 2010, the Regional Director's office received Plaintiff's re-submission, #582650-A2. On June 10, 2010, the Regional Director's office rejected #582650-A2 as untimely filed due to Plaintiff's failure to re-file his appeal within ten days of the April 22, 2010 rejection.
>
> On July 7, 2010, Plaintiff appealed the rejection of #582650-A2 to the General Counsel's office. On July 22, 2010, the appeal was rejected as untimely due to Plaintiff's failure to resubmit his BP-10 form within ten days following the April 22, 201 rejection by the Regional Director's office.

The Report concluded that, based on this series of events, Plaintiff failed to exhaust his administrative remedies. The Report further noted that Plaintiff had presented no evidence that during the appeal process he tried to raise the timeliness issue caused by the delayed receipt of

---

[4]*Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In *Bivens*, the Supreme Court implied a cause of action for damages against federal agents who allegedly violate the Constitution,

[5]As set out in the Report, Plaintiff failed to exhaust all of his other remedy requests by failing to file them in the proper office(s), as directed.

the April 22, 2010 rejection.

Plaintiff objects to these conclusions using the same arguments he made in opposition to Defendants' Motion. Plaintiff argues that he did not receive the April 22, 2010 rejection until May 18, 2010. In support of this statement, Plaintiff submitted a copy of the rejection with a note stating that he did not receive it until May 18, 2010, which was written by Counselor B. Gary. Plaintiff further claims that he resubmitted the appeal on May 24, 2010 and, thus, his actions were timely and he exhausted his administrative remedies. In support of this, Plaintiff has submitted an inmate request form on which a staff member wrote that the legal mail log indicates that Plaintiff mailed something to the South East Regional Office on May 24, 2010. The Magistrate Judge found that this evidence was insufficient to establish that the mail sent on May 24, 2010 was the re-submission of Plaintiff's appeal. Further, the Regional Director's office did not receive the re-submission until June 1, 2010. Thus, the Magistrate Judge concluded that, even if Plaintiff had not received the April 22, 2010 rejection until May 18, 2010, Plaintiff had not established that he timely filed his appeal. Consequently, Plaintiff had not exhausted his administrative remedies. Plaintiff has not pointed to any other evidence to support his claim that he resubmitted his appeal on May 24, 2010. Without more, there is no evidence that Plaintiff timely resubmitted his appeal.

The Report also found that Plaintiff had failed to establish that he exhausted his administrative remedies as to the claims raised in his complaint because Plaintiff has not submitted the March 25, 2010 remedy request filed with the FDC-Miami warden with proof of filing. Without the March 25, 2010 request it is impossible to ascertain whether the same issues were raised in the request as are raised in this complaint. In his objections, Plaintiff argues that

Defendants' motion states that on "March 25, 2010, the Plaintiff filed administrative remedy #582650-F1, wherein he alleged he was threatened by staff and inmates and raising claims of staff misconduct." (quotations in Plaintiff's Objections). Plaintiff asserts that this statement by Defendants shows that they were on notice of Plaintiff's grievances. However, that is not the issue. The issue is whether Plaintiff has exhausted his administrative remedies as to the specific grievances that form the basis of his complaint in this action. Such a general statement does not establish that Plaintiff's March 25, 2010 remedy request covers the same incidents that form the basis of Plaintiff's claims in this action. Thus, Plaintiff has not shown that he has exhausted his administrative remedies as to the specific actions that form the basis of his complaint.

Finally, the Court notes that 28 C.F.R. § 542.14(a)[6] states that the "deadline for . . . submission of a formal written Administrative Remedy Request, on the appropriate form (BP–9), is 20 calendar days following the date on which the basis for the Request occurred." The only remedy request at issue in this case is the March 25, 2010 remedy request. However, the incidents raised in the complaint all occurred prior to January 9, 2010. Thus, if the March 25, 2010 remedy request pertained to the incidents raised in the complaint, the March 25, 2010 remedy request was untimely. Consequently, Plaintiff failed to exhaust his administrative remedies and summary judgment is appropriate.

Having carefully reviewed, *de novo*, Magistrate Judge White's Report, Plaintiff's Objections, and the record, it is hereby

ORDERED that:

---

[6]28 C.F.R. Part 542 sets out the administrative remedy procedures for inmates who seek review of an issue relating to any aspect of their confinement.

(1) The above-mentioned Report of Magistrate Judge [DE-52] is AFFIRMED and ADOPTED, and incorporated by reference into this Court's Order;[7]

(2) Defendants' Motion to Dismiss [DE-40], which the Court treats as a motion for summary judgment, is GRANTED;

(3) All pending motions not otherwise ruled upon in this Order are DENIED AS MOOT; and

(4) This case is CLOSED.

DONE AND ORDERED in Miami, Florida, this 26 day of August, 2011.

*[signature]*
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   U.S. Magistrate Judge Patrick A. White
      All Counsel of Record/*Pro Se* Parties

---

[7] The Court affirms and adopts the Report of the Magistrate Judge with the exception of line 2 on page 7 of the Report, where the Report refers to "Flores-Estrada's Bivens claims." That should read "Hayes' Bivens claims."